ELECTRONIC

**July 14, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MAHMOUD KRECHT,<br>Movant, | § § § | |
| v. | § § § | Case No. 07-80141 Cr Ryskamp |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § § § | |

### MEMORANDUM BRIEF IN SUPPORT OF PRO SE MOTION
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
### PERSON IN FEDERAL CUSTODY PURSUANT TO (28 U.S.C. § 2255

This pleading is being tendered contemporaneously with the requisite

28 U.S.C. § 2255 Form and is offered to expound upon and clarify the

truth of matters asserted, as well as to offer supportive references

in the law that may aid this Court in arriving in a fair and just disposition

on the merits.

### I. STATEMENT OF TIMELINESS

The movant was sentenced to a term of **210 months** of imprisonment

on July 18, 2008. The movant, represented by Robert S. Gershman of

GERSHMAN & GOLDSTEIN, P.A., pursued a timely Notice of Appeal, which

was filed on August 7, 2008, but was then withdrawn on September 10,

2008, by the above mentioned attorney.

This action is timely where filed within one year of the commencement of

the tolling period which is July 18, 2009.

Other than the Motion For Reduction of Sentence, which was immediately

filed after the judgment of sentence, there aren't any other motions

pending or filed on the movant's behalf which would offset the furtherance

of these proceedings.

## II.   STATEMENT OF THE CASE

**Mahmoud Krecht,** hereafter referred to as the movant, was charged and convicted after a plea of guilty to Conspiracy to possess with the intent to distribute a mixture and a substance containing a detectable amount of oxycodone, 21 U.S.C. § 846, a Class C felony, along with two co-defendants, Vincent Anthony Montesano and Michael Joseph Marchese.

The movant was arrested on September 5, 2007 and pled guilty to Count One of the four-count Superseding Indictment on February 20, 2008.

The charges stemmed from co-defendant, Montesano's arrest and subsequent cooperation involving the buying and distributing of Oxycotin pills. Montesano identified the movant as his source of supply and Marchese, the other co-defendant, as a regular purchaser of the pills that were obtained from the pharmacy owned by the movant.

An investigation insued and lead to the arrest and conviction of the above mentioned defendants. The movant was sentenced to a term of imprisonment of **210 months/3 years of supervised release.** The co-defendant, Montesano, was sentenced to a term of **101 months/3 years of supervised release,** and Marchese was sentenced to a term of **72 months/ 3 years of supervised release.**

The movant was also subjected to forfeiture hearings and suffered the loss of a parcel of land and the loss of a vehicle the was seized, and he also was subjected to monetary loss which affected his family's livelihood.

The movant filed a Motion for Sentence Reduction after the sentencing, but was subsequently denied.

## MOVANT'S CHARACTERISTICS

**Mahmoud Krecht,** an inmate currently incarcerated at the FEDERAL CORRECTIONAL INSTITUTION, here in Oakdale, LA, is thirty-five years of age. He was born in Sierra Leone, West Africa, to the parents of Hani and Amal Krecht. He is one of four children born to this union. The movant's mother passed away when he was 19 years of age.

The movant has been in the United States for over 18 years. The movant is a legal permanent resident of the United States upon arriving here in 1991.

The movant has been married 11 years to Katia Krecht and this union produced three children: Hani Krecht, Khaled Krecht, and Mohamed Krecht. He's a HIgh School and College Graduate. He earned a Doctorate in Pharmacy from Nova Southeastern University, Fort Lauderdale, Florida in 1997. He received his pharmacy license from the State of Florida on November 17, 1997.

The movant was self-employed as a licensed pharmacist and prior to this offense and arrest, the movant hasn't ever been convicted of an offense. He has maintained a good history of employment and was a full time student earning his degree.

The movant provided for his family financially and spiritually, and as noted in the Presentencing Report, he also supported his Mother-In-Law, Maria Sanson, who lives in Brazil, South America. He has also admitted that he accepts responsibility for his actions, he never uses illegal drugs, he's shown remorse by fully cooperating with the government and agents, and he has strong support from family and friends. Furthermore, the movant pled guilty in a timely manner and consented to deportation, and voluntarily surrendered forfeitable assests.

-3-

The movant ask that this Honorable Court take this Memorandum Brief in full consideration according to the facts of the case and the violations of his Constitutional Rights, which occurred at a great magnitude and resulted in extremely harsh consequences.

## II.  DISCUSSION

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; see United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151.

Also, Section 2255 provides federal prisoners a mechanism, beyond a direct appeal, for challenging the legality of their sentence. That section provides, In relevant part: A prisoner in custody under sentence of a court established by Act of Congress....may move the court which imposed the sentence to vacate, set aside, or correct the sentence.... If the court finds that the judgment was [unlawful for various specified reasons], the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. 28 U.S.C. § 2255.

Under this section, a district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specific

grounds. If the district court determines that the sentence is lawful, the court mustdeny the petition. If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set aside" the sentence. If the district court determines that the prisoner's sentence ie unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction. See, e.g., In re Taylor, 171 F.3d 185, 186-87 (4th Cir. 1999) (noting that the district court vacated petitioner's unlawful § 924(c) conviction).

Second, if the prisoner's sentence (and depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court "shall" grant the prisoner an "appropriate" remedy. 28 U.S.C. § 2255. While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992) § 2255 list the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," (4) "correct the [prisoner's] sentence." Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

Ineffective assistance of counsel claims are considered to be of con-stitutional magnitude and would satisfy the cause ansd actual prejudice standard. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). A petitioner seeking habeas relief on the grounds of ineffective assistance

-5-

of counsel....[f]irst....must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the movant by the Sixth Amendment. Second, the defendant must show that the deficient performance pre-judiced the defense. This requires showing that counsel's errors were serious as to deprive the defendant of a fair trial, a trial where results is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the results unreliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

Movant understands the requirements of the above stated procedure and presents the specific grounds in which he wishes to attack his unlawful sentence in hopes of receiving an appropriate remedy of relief.

## GROUNDS & DISCUSSIONS

## GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

Counsel advised the Movant, off the record, that he would receive a sentence in the higher single digits up to the lower double digits. However, this wasn't part of the plea agreement, and then counsel, at sentencing, agreed that the defendant was in agreement to a level 38, which wasn't correct.

## GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

Counsel was directed by the Movant to bring the benefit of specific departures to the Courts attention and to raise objections to the fact that he wasn't the recipient of the safety valve. 5K1.1. Counsel proved to be ineffective for his lack of advocating during the sentencing.

-6-

## GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

Counsel misadvised the Movant of the consequences of proceeding to trial and coerced his guilty plea through fear and intimidation, which caused the Movant to waive several Constitutional rights.

## GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL

Counsel failed to file an Appeal for the Movant and allow the Appeals Court to consider the unreasonableness of a sentence thats 30 months lower than the Statutory Maximum, which was never agreed upon by the Movant.

## GROUND FIVE: GOVERNMENT UNCONSTITUTIONALLY FAILED TO FILE A MOTION

## FOR SUBSTANTIAL ASSISTANCE AND WITHHELD SAFETY VALVE DEPARTURE

Based upon unconstitutional motives and in bad faith, the Government refused to file a motion for the Movant's substantial assistance and allow him the benefits of a Safety Valve Reduction because of his nationality and religion.

## STATEMENT OF THE FACTS AND GROUNDS

## GROUND ONE

The Sixth Amendment reads: In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and the cause of the accusation, to be confronted with the witness against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

-7-

Movant contends that he was denied effective assistance of counsel due to the fact that counsel. Robert Scott Gershman, committed an act of defalcation. by promising the Movant that he would receive a sentence in the higher single digits to the lower double digits. in a range of 8-12 years.

Defense counsel was retained for the sum of $ 75.000.00. and promised the Movant. off the record. that he would receive a specific sentence. The Supreme Court has held or recognized that where a defendant is deceived. misled, or tricked into pleading guilty such a plea is invalid. The Movant contends that the advice he received wasn't well with the competence required of attorneys representing defendants in criminal cases. United States v. Espinoza, 841 F.2d 326 (9th Cir. 1988) (The Petitioner claimed that he was told by his attorney that an off the record promise had been made that the Petitioner would receive a specific sentence. Though denying at the guilty plea hearing that any promise had been made. the Ninth Circuit holds that he is entitled to a hearing to determine whether such a promise had been made to him.) Also in Davis v. Butler. 825 F.2d 892 (5th Cir. 1987) A hearing was required to determine whether the defense attorney told the defendant that he would be pardoned in three years if he pled guilty. This was not part of the plea agreement. If the attorney in fact told the defendant this, his guilty plea would have been vacated.

The Movant asserts that he never agreed upon a level 38. or stated by the defense counsel during the sentencing hearing [DOC # 122 July 22. 2008. pg. 18 at 9-13] "Defense counsel stated:

> "We have agreed to a level 38 sentence for Mr. Krecht."
> The Court:"All right, and that's 210 at the low end?"
> Defense Counsel:"I believe so, judge."

United States v. Granados, 168 F.3d 343, 346 (8th Cir. 1999)(counselor's

-8-

ignorance of Sentencing Guidelines in guilty plea context was prejudicial because counsel's error resulted in 40-50 additional months in defendant's sentence). Also. in the case of <u>Risher v. United States</u>, 922 F.2d 982, 983-84 (9th Cir. 1993) (guilty plea advice will be ineffective assistance of counsel if Court finds on remand that counsel failed to warn defendant he might be sentenced under Sentencing Guidelines and that defendant would have rejected plea  bargain but for counsel's error.).

<u>Strickland v. Washington</u>, 466 U.S. 668, 80 L.ed.2d 674, 104 S.Ct. 2052 stated at 466 U.S. 686." Counsel. however. can deprive a defendant of the right to effective assistance, simply by failing to render 'adequate legal assistance.'" In this case, the Movant asserts that had not counsel advised him that he would be sentenced to 8-12 years, he wouldn't have pled guilty, but rather. proceed forth to trial. Movant contends that he was subjected to ineffective assistance of counsel, because he relied on the expected outcome promised to him by his defense counsel. And it's for this reason that the Movant asks that his sentence be vacated and that the Court allow the proper remedy to be enforced because of this error.

## GROUND TWO

Movant contends that counsel, Robert Gershman, was ineffective for not pursuing the "safety valve" provision of the United States Sentencing Guidelines, and for failing to insist upon bringing to the Court's attention certain departures the Movant directed for him to argue. Movant argues that Counsel wasn't functioning as the "counsel guaranteed by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.

Movant directed the defense counsel to raise specific objections and direct the Court's attention to the fact that he was being denied the benefits of the Safety Valve U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). The

-9-

The Government objected to the use of the "safety valve" provision stating that the Movant "didn't provide a complete statement" [presentencing Investigation Report "PSR" at # 62] where the defense counsel stated that the Movant is eligible for the "safety valve." And in the second addendum to the PSR the Government stated that "the defendant has not provided a truthful and complete statement to the government."

As previously stated, the Movant is aware of the fact that ineffective assistance of counsel claims are considered to be of constitutional magnitude and would satisfy the cause and actual prejudice standard. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). The Movant contends that counsel was ineffective for failing to move the district court under 18 U.S.C. § 3553(f) for application of the "safety valve" provision. United States v. Flanagan, 80 F.3d 143, 146 (5th Cir. 1996): See United States v. Miller, 179, F.3d 961, 964 (5th Cir. 1999). (A party seeking to invoke the "safety valve" bears the burden of proving that he meets the criteria). In order to qualify for the "safety valve," the following criteria must be met:

(1) The defendant has no more than one criminal history point;

(2) The defendant did not use violence or possess a firearm in connection with the offense;

(3) The offense did not result in death or serious bodily injury to any person;

(4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense; and

(5) Not later than the time of sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense that were part of the same course of conduct or of a common scheme or plan.

-10-

The Movant contends that defense counsel failed to raise a meritorious issue, as he did qualify and met all 5 prongs of the "safety valve." And or stated in <u>Flanagan v. Miller,</u> (Supra), it was the party seeking the adjustment responsibility that has the burden of proving facts to support the adjustments. Counsel was urged and directed to expound upon the fact that the Movants cooperation and statements were complete and truthful. The Movant even provided the Goverment with self-incriminating material, namely copies of prescriptions which were provided to him from co-defendant Vincent Montesano, to be filled at a future time, which wasn't known to the Government or the Agents. The Movant's wife, under the instructions from the Movant, gave this evidence to the defense counsel, which in turn was given to the Government.

Counsel failed to bring to the Court's attention the fact that the Movant was elligible for a departure based upon his offer to stipulate to deportation according to U.S.S.G. § 5K2.0 <u>United States v. Rodriguez-Lopez,</u> 198 F.3d 773 (9th Cir. 1999)(Although governmental consent is relevant to a sentencing court's decision whether to depart downward from the Sentencing Guidelines. The absence of such consent does not constitute an absolute and categorical bar to departure.)(U.S.S.G. § 5K2.0).

The defense counsel refused to make this fact known to the Court, and stated to Movant, "I've already filed my objection, the judge has them." He literally remained silent and just stood beside the Movant during Sentencing while the Movant and his wife made supplications for a lower sentence.

In <u>Koon v. United States,</u> 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court held that factors that are not mentioned in the U.S. Sentencing Guidelines may be used as grounds for downward depart- ures when they "take the case out of the Guidelines heartland."

-11-

The Movant directed the defense counsel to make mention of all the information that he provided to the Government and agents in reference to him receiving a U.S.S.G. § 5K1.1 departure. The Supreme Court has long held that, "A person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command." The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Strickland, Supra, at 466 U.S. 685. The Movant asserts that now that the U.S. Sentencing Guidelines are merely advisory, a district court can lower a defendant's sentence to reflect substantial assistance to authorities, even if the government has declined to move for a downward departure from the guidelines pursuant to U.S.S.G. § 5K1.1, and the U.S. Court of Appeals for the Sixth Circuit ruled that this was permissable in United States v. Blue, 6th Cir., No. 07-5296, 3/19/09). The Court stated, "Under the advisory guidelines scheme, 'the Government's failure to file a Section 5K1.1 departure does not necessarily preclude a sentencing court from taking into account substantial assistance when considering the appropriate sentence in light of the 18 U.S.C. § 3553 (a) factors.'"

Movant asserts that the defense counsel wouldn't even bring the issues up pertaining to the assistance which was rendered on his behalf. Had Counsel argued zealously for these departures, or even brought them before the Court's attention, the Movant contends that it was highly possible and probable that he would've received a lesser sentence. It is for these reasons that the Movant asserts that he was the recipient of ineffective

-12-

assistance. and ask that his sentence be vacated for counsel's errors. because the attorney did not. with any clarity or force. contest the Government's withholdings and objections. Had he received effective assistance. he asserts his sentence would've been much more lenient.

## GROUND THREE

The Supreme Court has long recognized the involuntary nature of a guilty plea obtained by subjecting a criminal defendant to some form of coercion frequently expressing this recognition by holding that a guilty plea obtained in such a manner is invalid or violating the defendant's constitutional rights. Kerchevel v. United States. 274 U.S. 220. 71 L.Ed. 1009. 47 S.Ct. 582. (1927) Where the Supreme Court said that on timely application it would vacate a plea of guilty shown to have been unfairly obtained.

The Movant contends that he received ineffective assistance of counsel. by the defense counsel misadvisement and acts of coercion. and forcing him to plead through acts of intimidation and fear. These constitutional violations caused the Movant to waive several constitutional rights and guilty plea. The invalidity of a guilty plea which was induced by threatening or intimidating the defendant.was recognized by the Supreme Court in Machinoda v. United States. (1962) 368 U.S. 487. 7 L.Ed.2d 473. 82 S.Ct. 510. the court held that a guilty plea. if induced by promises or threats which deprive it of the character of a voluntary act. is void. Brady v. United States. (1970) 397 U.S. 742. 25 L.Ed.2d 747. 90 S.Ct. 1463. said that the standard or to the voluntariness of guilty pleas must be essentially that a plea of guilty entered by one fully aware of the direct consequences. including the actual value of any committments made to him by the Court, prosecutor, or his own counsel, must stand unless induced by threats

-13-

(or promises to discontinue improper harrassment), misrepresentation (including unfulfilled or un-fulfillable promises ), or perhaps by promises that are by their nature improper or having no proper relationship to the prosecutor's business (for example bribes).

The defense counsel intimidated the Movant into pleading guilty by giving the erroneous advice that he would be charged with money laundering, conspiracy, possession with the intent to distribute, aiding & abetting, and all of these charges would be ran consecutive and not concurrent, and installed in the Movant that he should plead guilty and he would face 8-12 years. The defense counsel also stated, "your wife could get into trouble." And advised the Movant that he doesn't stand a chance to receive a fair trial, especially because of his nationality.

It should be noted that Movant's criminal history score under the Sentencing Guidelines, Category I, reflects an absence of convictions and very limited contact with any criminal justice system. Reliance on his attorney's advice was absolute. In United States v. Pinkney, 551 F.2d 1241, 1249 (D.C. Cir. 1976)(It was critical that defense counsel be thoroughly familiar with all sentencing factors pertinent to his client's case, including any guidelines applicable.) See A.B.A. Standard 4-9.1(a)(3rd edition 1993). It was also critical that counsel Gershman comply with A.B.A. Standard 4-5.1, which instructs, "counsel should... advise the defendant... what sentencing is likely." See also Standard 4-6.2, Commentary, ¶6 ("A Criminal factor in plea discussions is the duty of counsel to explain fully to the accused the consequences of a guilty plea in terms of the range of sentences the court can and may impose.").

The defense counsel, just told the Movant that he faced an enormous amount of time. He stated that he would receive 3-4 20 year sentences to

-14-

run consecutive. He intimidated the Movant into pleading guilty with a promise of 8-12 years. However, the MOvant was sentenced to a term of 17½ years (210 months). Just 2½ years lower than the statutory maximum, being a first time offender. His plea, resulted in the waiving of constitutional rights, and an appellate judge in the 5th Circuit stated: "He did not think a defendant could ever knowingly and intelligently waive, or part of a plea agreement, the right to appeal a sentence that has yet to be imposed..., such a 'waiver' is inherently uninformed and unintelligent." U.S. v. Melancon, 972 F.2d 566, 571 (5th Cir. 1992)(Parker, J., concurring). Fisher v. Washington, 584 F.2d 691, 693 (5th Cir. 1978)(quoting Brady, 397 U.S. at 749) states, "the voluntariness of a plea is determined by considering all the relevant circumstances surrounding it."

The Movant asserts, had it not been for the misadvice of counsel, of the length of the possible sentence he could face, he would have proceeded forth to trial. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1986) finally, it is well-established that defense counsel cannot adequately advise the defendant about entering a plea in the absence of understanding the penalty likely to be imposed, in the event of the guilty plea. See Hill v. Lockhart, 474 U.S. 52 (1985)(attorney's failure to inform client about relevant sentencing information may constitute ineffective assistance of counsel.)

The Movant contends, had it been not for the misadvice from counsel, he would've proceeded forth to trial. And it is for these reasons that his plea should be invalid.

### (GROUND FOUR & FIVE)

McMann v. Richardson, 397 U.S. 759, 771 n.14, 25 L.Ed.2d 763, 90 S.Ct. 1441 (1970)(the Court has recognized that "the right to counsel is the right to the effective assistance of counsel.")

-15-

Cuyler v. Sullivan, 466 U.S. 344, 64 L.Ed. 2d 333, 100 S.Ct. 1708.
(counsel can also deprive a deficient of the right to effective assistance,
simply by failing to render "adequate legal assistance.")

Defense counsel, based his reasons for not proceeding forth with the
filing of an appeal, and withdrawing the Notice of Appeal [DOC. #134 9/10/2008,
NOTICE WITHDRAWING NOTICE OF APPEAL, WITH PREJUDICE] upon the possibility of
the government filing a Rule 35(b), because of the Movant's substantial
assistance, which had already been provided. "See Attached Exhibit A"
defense counsel, informing the Movant, on the 10th day of the time for
filing, that the Government's decision to file the Rule 35(b) would be
affected in a negative way. The Movant couples Ground Four & Ground Five,
based on the fact that the defense counsel failed to move on appeal because
he assumed and gave the Movant the impression that the Government would
file a Reduction of his sentence because of his substantial assistance.
United States v. Rounsavall, 128 F.3d 665, 669 (8th Cir. 1997) Slater,
"The government cannot base it's [§ 5K1.1 Motion or "Rule 35(b)"]
decisions on factors other than the substantial assistance provided by the
defendant.

Movant contends that his counsel proved to be ineffective, after having
knowledge of Wade v. United States, 504 U.S. 181,112 S.Ct. 1840, 1843-44, 118
L.Ed.2d 524 (1992) In Wade Supra, it has been established, pre-Booker, that
the Government has sole discretion to decide whether to file a substantial
assistance motion. See, United States v. Barreire, 115 F.3d 610, 612
(8th Cir. 1997). Any competent attorney, having dealt with the federal
courts and the Sentencing Guidelines, is well aware of how the Government
uses its discretionary authority, and Counsel Gershman should've filed the
Movant's appeal to the 11th Circuit Court of Appeals in order for his
sentence to be reviewed for its unreasonableness. A sentence is considered

-16-

unreasonable if the sentence (1) "does not account for a factor that should have received signifcant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). The defense counsel, instead of objecting to the reasonableness of the sentence and filing an appeal, allowed the Movant to receive a harsh sentence, being a first time offender, even after United States v. Booker, 543 U.S. 220, and its progeny, citing United States v. Rita, Gall, Nelson, Etc... .

Booker states at 543 U.S. 220, 261 (2005) that, (the Court would have reviewed the nonguidelines/guidelines sentence for 'unreasonableness' and would have applied "an abuse of discretion standard of review to the reasonableness inquiry, "had the judge gave significant weight to an improper factor."

The Movant apprises that his counsel's ineffectiveness, relating to the voluntariness of the guilty plea, makes the waiver null and void, because the agreement wasn't voluntary and intelligently advised. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); U.S. v. Smallwood, 920 F.3d 1231, 1240 (5th Cir. 1991); and Smith v. Estelle, 711 F.2d 677 (5th Cir. 1983).

The Movant asserts that the government withheld the benefits of both the U.S.S.G. § 5K1.1 and the Rule 35(b) based on an unconstitutional motive and in bad faith. The Movant contends that both his co-defendants received the benefits of the 5K1.1 provisions of the Guidelines, but the Government refused to file a motion on his behalf based on the fact that he isn't caucasion and his Islamic faith. The Movant insists that he was fully

-17-

debriefed, on a few occasions, with and without counsel present, he pled
guilty, and he stood ready to do whatever else he could that he was asked
to do. He provided information that the government nor the agents were
made aware of. He also provided the assistance of an investigator, who
found other incriminating evidence against his co-defendant, Vincent
Montesario, and presented this to the agents and Government. Defense counsel
once stated that the Movant wasn't going to receive a fair and impartial
proceedings, based upon his ethinicity alone.

The Agents admitted that the Movant provided "substantial assistance"
after the debriefing took place <u>Carter v. Illinois</u>, (1946) 329 U.S. 173,
91 L.Ed. 172, 67 S.Ct. 216, the Court noted that the "racial handicap of
the defendant" was a factor which might suggest fundamental unfairness in
the proceedings... "

The Movant asserts that he not only received ineffective assistance
of counsel, but that even after all that he provided to Government and
the Agents, he was looked upon differently. He asks and urges the Court
for a full vacatur of his sentence, and an evidentiary hearing out of
integrity and fairness, and respect for the court and the law.

## CONCLUSION

Defense counsel informed the Movant on a number of issues, such as the
fact that if he waived deportation, the Court would depart, but he didn't
receive any benefits from his plea of guilty, nor did the expected outcome,
or promised by defense counsel, come to pass. He asserts that his
Constitutional Rights were trampled upon and that the Court didn't properly
weigh the 18 U.S.C. § 3553(a) factors, possibly due to the defense counsel's

-18-

ineffectiveness, the Movant can only assume. However, the grounds presented in this Memorandum aren't mere assumptions.

The Movant asks that this Honorable Court. weigh the facts according to the merits, and his prayer is that his illegal sentence be vacated and the Court's apply the proper remedy.

Respectfully submitted this the 2nd day of _____July_____ 2009.

Mr. Mahmoud Krecht, #72869-004
FCI Oakdale Low
P.O. Box 5000
Oakdale, LA. 71463-5000

-19-

## CERTIFICATE OF SERVICE

I, Mahmoud Krecht, hereby certify that a true and correct copy of the foregoing Memorandum Brief in Support of 28 U.S.C. § 2255 has been sent pre-paid postage U.S. Mail this 2nd day of July of 2009. To the following:

> Nancy Quinlan Esquire
> Asst. U.S. Atty
> 500 Australian Ave., South. Suite 400
> West Palm Beach. FL. 33401
>
> Clerk of Court
> 701 Clematis St., Rm. 402
> West Palm Beach, FL. 33401

Done this 2nd day of July 2009.

Respectfully,

_____
Mr. Mahmoud Krecht Reg. # 72869-004
FCI - Oakdale - LOW
P.O. Box 5000
Oakdale, LA. 71463-5000

-20-